IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KATRINA MARIE GARRETT,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   Civil Action No. 3:22-cv-356<br>)   Judge Richardson / Frensley<br>) |
| SOCIAL SECURITY<br>ADMINISTRATION,<br>    Defendant. | )<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

Currently pending is Plaintiff's Notice of Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) in which Plaintiff requests an award of $11,889.44 for attorney's fees and paralegal fees in the amount of $780.00 Docket No. 26, 26-1. Plaintiff filed supporting memorandum and documents. Docket No. 26-2 through 26-8. Defendant has filed a response in opposition to the motion. Docket No. 28. Plaintiff has filed a reply. Docket No. 30. The matter was referred to the undersigned for Report and Recommendation. Docket No. 29. For the reasons set forth herein, the undersigned recommends that the Plaintiff's Motion be **GRANTED IN PART.**

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, Katrina Marie Garrett, filed this action pursuant to 42 U. S. C. § 405(g) to obtain judicial review of the final decision of the Social Security Administration denying her application for disability insurance benefits on May 17, 2022. Docket No. 1. The Defendant filed its Answer and the Social Security Administrative record on September 12, 2022. Docket Nos. 12, 13. The Court entered a scheduling order for briefing on the Complaint, September 13, 2022. Docket No. 14. The Plaintiff filed her Motion for Judgment on the record and supporting documents on October 7, 2022. Docket No. 18. On November 2, 2022, Social Security filed an unopposed motion

to remand. Docket No. 23. On November 7, 2022, the Court entered an order remanding this matter back to the Commission for further action. Docket No. 25. Thereafter the motion for fees was filed on February 1, 2023. Docket No. 26. Plaintiff seeks an award of fees under the Equal Access to Justice Act ("EAJA"), in the total amount of $12,669.44. Docket No. 26-1.

## II. LAW AND ANALYSIS

### A. Standard of Review

Plaintiff now claims entitlement to fees pursuant to the EAJA, which states that a court

> shall award to a prevailing party fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Eligibility for an award under the EAJA therefore requires: (1) that Plaintiff is the prevailing party; (2) that the Commissioner's position was not substantially justified; and (3) that no special circumstances make the award unjust. *Richards v. Sec'y of Health & Human Servs.*, 884 F. Supp. 256, 258 (N.D. Ohio 1995) (*citing Jankovich v. Bowen*, 868 F.2d 867, 871 (6th Cir. 1989)).

A claimant who wins a remand of his or her Social Security appeal may be considered a "prevailing party" for purposes of this statute regardless of whether he or she is ultimately awarded benefits. Fees awarded pursuant to the EAJA are paid by the Commissioner and therefore do not impact the claimant's future award of benefits.

### B. The Case at Bar

The Defendant does not contest the requested hourly rates, however, objects to payment of 2.8 hours of paralegal time and 21.1 hours of attorney time. Docket No. 28. Defendant requests

2

Case 3:22-cv-00356   Document 31   Filed 03/08/23   Page 2 of 5 PageID #: 2963

the Court reduce the amount and award attorney's fees for 30 hours of attorney of time and 5 hours of paralegal tine. *Id.* The total award after the reduction would be $7480.10 to be paid by the Social Security Administration. *Id.*

   1.   **Paralegal Time**

Defendant seeks reduction of the paralegal time request of 2.8 hours based on the entry of September 14, 2022, for review of the Optical Character Recognition (OCR) in preparation of the administrative transcript for the attorney. Docket No. 28. Defendant submits this is a clerical task not compensable under EAJA and "while this can be time consuming it required no user input during the OCR process while the user can accomplish other things in a different window." *Id.* In reply, the Plaintiff agreed to reduce 2.8 hours of paralegal time of preparation of the record. Therefore, the Court will accept this reduction to the fee request and modify it accordingly.

   2.   **Attorney's Fees**

Defendant further seeks reduction of the billed attorney hours in this case. Docket No. 28. The Defendant notes that 46.7 over the course of 6 days is requested for drafting the brief in this case *Id.* at p. 3. The Defendant asserts that "the hours expended simply for reviewing the file are out of line with what would normally be expected." *Id.* Here, the drafting attorney spent 32.4 hours "reviewing the transcript, taking notes, organizing facts, and finishing the same." *Id.*

Acknowledging that the transcript in this matter is approximately 2,800 pages, "which is fairly long," the Defendant argues that the time requested for reviewing the record is "much more time than what is normally requested in similar cases." *Id.* Defendant asserts that it is the Plaintiff's burden to prove reasonableness of the time spent and the Court should use its familiarity with similar cases to reach a reasonableness finding. *Id.* Defendant further asserts that attributing a certain amount of time to review each page of the record is not appropriate. *Id.* While the

Defendant is not arguing that the work should go uncompensated, it asserts that "significantly less time should be sufficient for an experienced practitioner at a national disability firm to familiarize him or herself with the record." *Id.* at p. 4.

In reply to the response, the Plaintiff contends that the facts of this situation do not warrant a reduction in the fee requested. Docket No. 30. Plaintiff notes that counsel in this case, while involved in the case at the appeal's council after the first ALJ decision was issued, did not represent the Plaintiff in her federal court action prior to the remand in this case and was not involved in the proceedings at the administrative level at the initial remand. *Id.* The Plaintiff contends that because counsel was not involved in those proceedings, and there was no briefing in the previous federal court case, this matter is distinguishable from other cases where fee reductions have been made. *Id.* Plaintiff cites additional cases as comparators to establish the reasonableness of the time expended in the instant case. *Id.* at pp. 2-3. The Plaintiff also seeks fees totaling $581. 60 associated with preparing and filing the reply brief in this case. *Id.*

Admittedly, the fee request in this case exceeds the typical range of hours for work on a Social Security case as documented by the Defendant. Nonetheless, that does not automatically render the request unreasonable. The fee request including the hours sought have been supported by an affirmation filed by Plaintiff's counsel (Docket No. 26-1) and other supporting documents. The Defendant does not dispute the accuracy of the calculations only that the time expended was unreasonable based upon the typical case. Docket No. 28.

Based upon the size of the record in this case, the procedural history of the case and counsel's limited involvement in the case prior to required briefing in this matter; the Court finds that the Plaintiff's request for 51.1 hours of attorney work at the uncontested rated of $232.67 per hour is reasonable. Based upon these considerations, the Court does not find the requested hours

4

to be excessively outside what the Defendant asserts courts have typically found the average number of hours expending on Social Security cases to be. The Court declines to award additional time for preparation of the reply and will reduce the fee award by $280.00 based on Plaintiff's agreement.

## IV. CONCLUSION

For the reasons set forth above the undersigned recommends that the Plaintiff's motion for attorney's fees pursuant to Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (Docket No. 26) be **GRANTED in PART**. Plaintiff's request should be reduced by $280.00 resulting in an award amount to $ 12, 389.44.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**