IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KATRINA MARIE GARRETT,<br><br>Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. 3:22-cv-00356<br><br>JUDGE RICHARDSON |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court[1] is the March 8, 2023 report and recommendation (Doc. No. 31, "R&R") of the Magistrate Judge, which recommends that the Court grant in part the "Notice of Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412" (Doc. No. 26, "Motion") filed by Plaintiff, Katrina Marie Garrett ("Plaintiff").[2] Defendant, Social Security Administration ("Defendant"), filed Objections (Doc. No. 32, "Objections")[3] to the R&R. For the reasons stated herein, the Court adopts the R&R in full.

Below, the Court first reviews the relevant procedural and factual background. The Court next provides an examination of the substance of the R&R, then reviews the legal standard for a district court judge's review of the report and recommendation of a magistrate judge. The Court

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] The Motion was referred to the Magistrate Judge on February 10, 2023, for a report and recommendation. (Doc. No. 29).

[3] Herein, a given use of the term "Objections" may refer to the document (Doc. No. 32) itself, to the purported objections contained therein (i.e., the "objections" to the R&R contained within the "Objections"), or both.

then analyzes Defendant's Objections to the R&R and reviews (as necessary) any portions of the Magistrate Judge's R&R to which Defendant made a proper objection.

## BACKGROUND

Absent any objection to the background section (regarding the procedural history and underlying circumstances of this case as well as the circumstances underlying the instant Motion) set forth by the Magistrate Judge in the R&R, the Court adopts the background section in its entirety and repeats it below:

> Plaintiff, Katrina Marie Garrett, filed this action pursuant to 42 U. S. C. § 405(g) to obtain judicial review of the final decision of the Social Security Administration denying her application for disability insurance benefits on May 17, 2022. Docket No. 1. The Defendant filed its Answer and the Social Security Administrative [R]ecord [("Administrative Record")] on September 12, 2022. Docket Nos. 12, 13. The Court entered a scheduling order for briefing on the Complaint [on] September 13, 2022. Docket No. 14. The Plaintiff filed her Motion for Judgment on the record and supporting documents on October 7, 2022. Docket No. 18. On November 2, 2022, Social Security filed an unopposed motion to remand. Docket No. 23. On November 7, 2022, the Court entered an order remanding this matter back to the Commission for further action. Docket No. 25. Thereafter the motion for fees was filed on February 1, 2023. Docket No. 26. Plaintiff seeks an award of fees under the Equal Access to Justice Act ("EAJA"), in the total amount of $12,669.44. Docket No. 26-1.

(Doc. No. 31 at 1-2). Defendant filed a "Partial Objection to Plaintiff's Application for Attorney Fees Pursuant to the Equal Access to Justice Act" (Doc. No. 28, "Response") in response to Plaintiff's Motion, and Plaintiff filed a "Reply to Defendant's Partial Objection" (Doc. No. 30, "Reply") in further support of Plaintiff's Motion.

## THE MAGISTRATE JUDGE'S R&R

The R&R recommends that Plaintiff's Motion be granted in part. (Doc. No. 31 at 1). Specifically, and as discussed more fully below, the R&R recommends that the Court grant Plaintiff's Motion, but that "Plaintiff's request should be reduced by $280.00[,] resulting in an award amount [of] $12,389.44." (Doc. No. 31 at 5).

The R&R recommends this award amount based on two calculations. First, the R&R notes that "Plaintiff agreed to reduce 2.8 hours of paralegal time of preparation of the record" (out of 7.8 total hours of paralegal time) in Plaintiff's Reply, and that the R&R "accept[ed] this reduction to the fee request and modif[ied] it accordingly" in calculating the total award amount it recommends. (Doc. No. 31 at 3). Therefore, the R&R recommends that Plaintiff be awarded $500.00 for 5 hours of paralegal time.[4] (*See* Doc. No. 31 at 3, 5).

Second, the R&R concludes that "Plaintiff's request for 51.1 hours of attorney work at the uncontested rated of $232.67 per hour is reasonable," "[b]ased upon the size of the [Administrative] [R]ecord in this case, the procedural history of the case[,] and counsel's limited involvement in the case prior to required briefing in this matter." (Doc. No. 31 at 4). Accordingly, the R&R rejects Defendant's assertion that "the requested hours [of attorney work]" should be reduced because they are (according to Defendant) "excessively outside what . . . courts have typically found the average number of hours expend[ed] on Social Security cases to be," and therefore recommends that Plaintiff be awarded the full $11,889.44 for attorney time.[5] (Doc. No. 31 at 4-5). However, the R&R does not recommend that the Court award Plaintiff the additional fees "associated with preparing and filing the reply brief in this case" that Plaintiff requests in its Reply. (Doc. No. 31 at 4-5 (citing Doc. No. 30)).

---

[4] As the R&R notes, "Defendant does not contest the requested hourly rate[]" of $100 per hour of paralegal time. (Doc. No. 31 at 2 (citing Doc. No. 28)).

[5] Plaintiff requests the rate of $232.67 per hour of attorney time to account for inflation and "an increase in the cost of living" in the time since March 1996, (Doc. No. 26-1 at 1-2), when the EAJA was amended to provide that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). As the R&R notes, "Defendant does not contest th[is] requested hourly rate[.]" (Doc. No. 31 at 2 (citing Doc. No. 28)).

LEGAL STANDARD FOR THE REVIEW OF REPORTS & RECOMMENDATIONS

Fed. R. Civ. P. 54(d)(2)(D) provides that the district court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which a *proper* objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).[6] The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

---

[6] Significantly, and perhaps surprisingly, the statute does not actually direct the district judge to expressly rule on the objections themselves (i.e., expressly sustain or reject the objector's *specific* criticism(s) of what the magistrate judge did). Instead of requiring the district judge to determine *the* validity of the objections to what the magistrate judge did, the statute requires the district judge to make a determination—*de novo*, which inherently means ultimately without reference to whether what the magistrate judge did was objectionable—as to the portion(s) of the report and recommendation to which objection was made. Moreover, since the review of the objected-to portions of the report and recommendation is *de novo*, any critiquing of what the magistrate judge did ultimately would be dicta (albeit relevant and probative dicta to the extent that such critiquing explains the analysis underlying the district judge's determination of the objected-to portions of the R&R). Additionally, district judges in this Circuit not infrequently either decline to rule on (or, to the same effect, deny as moot) particular objections on the specific ground that so doing is unnecessary to rule on the objected-to portion of the report and recommendation. *E.g.*, *Collins v. Bright*, No. 2:13-CV-02987-JPM-CGC, 2021 WL 5205622, at *3 (W.D. Tenn. Nov. 9, 2021) ("[T]his objection does not affect or alter the conclusions of the Magistrate Judge and is overruled as moot."); *Lashuay v. Fornwalt*, No. 1:15-CV-1109, 2017 WL 4160947, at *1 (W.D. Mich. Sept. 20, 2017) ("This Court need not resolve all of the objections," because only some of them needed to be addressed in order to resolve the motion that was the subject of the report and recommendation); *Weatherspoon v. Williams*, No. 2:14-CV-108, 2016 WL 6070994, at *1 (W.D. Mich. Oct. 17, 2016) ("Plaintiff's objections are irrelevant and will be denied."); *Bowers v. Burnett*, No. 1:08-CV-469, 2011 WL 1047343, at *2 n.1 (W.D. Mich. Mar. 18, 2011) (noting that "[t]he Court need not resolve" an objection to the extent that the objector's position on the R&R has other fatal deficiencies); *Powell v. Alcoa High Sch*., No. 3:10-CV-212, 2010 WL 2598260, at *2 (E.D. Tenn. June 24, 2010) ("[B]ecause this objection is irrelevant to [the magistrate judge's] recommendations, it is hereby overruled."); *Cline v. Kelly*, No. 09CV859, 2010 WL 1006529, at *1 n.1 (N.D. Ohio Mar. 16, 2010) ("The Court acknowledges [the petitioner's] objection, but need not resolve it because that specific fact is not relevant to the resolution of any of the grounds for relief set forth in [the] Petition" that the magistrate judge had recommended be denied). For these reasons, when conducting the required *de novo* review herein, the Court does not dwell much specifically on what the Magistrate Judge did or did not do and whether what the Magistrate Judge did or did not do was appropriate.

A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no proper objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

ANALYSIS OF DEFENDANT'S OBJECTIONS

As noted above, Defendant has filed Objections (Doc. No. 32) to the R&R, whereby Defendant objects (in written, specific, and otherwise proper fashion) to the portions of the R&R that recommend an "award [of] $11,889.44 in attorney's fees under the EAJA, compensating all 51.1 hours of attorney work." (Doc. No. 32 at 1-2). In particular, Defendant objects to the portions of the R&R that find "that the 32.4 hours spent by Plaintiff's counsel reviewing the case, taking notes, organizing facts, and drafting the facts and procedural section were [] reasonable."[7] (Doc. No. 32 at 2). Defendant argues (as it did in its Response to Plaintiff's Motion) that, instead, a total of "around 30 attorney hours, plus 5 paralegal hours, are reasonable in this case," and asks the Court to reject the R&R and "reduce the requested attorney fees to $7,480.10." (Doc. No. 32 at 9, 11). Having conducted a *de novo* review of the portions of the R&R to which Defendant objects, the Court finds that Plaintiff's requested attorney hours are reasonable. Accordingly, the Court adopts and approves the R&R in its entirety.

---

[7] In Defendant's Objections, Defendant at times refers to Plaintiff's "brief" or "opening brief," (Doc. No. 32 at 3), which the Court understands to mean Plaintiff's "Memorandum of Law in Support of a Motion for Judgment on the Administrative Record" (Doc. No. 19). Defendant likewise refers to "the facts," the "procedural section," and the "statement of facts" contained within that "brief," (Doc. No. 32 at 2), which the Court understands to correspond to the material on pages 1-10 of that "brief." The R&R incorporates this terminology, (Doc. No. 31 at 3), so for the sake of consistency, the Court herein preserves the use of those terms in quoted material.

In Plaintiff's Motion, Plaintiff seeks an award of $11,889.44 for 51.1 attorney hours. (Doc. No. 26-1 at 2). Attached to Plaintiff's Motion are several exhibits that Plaintiff offers to support this request, including—in relevant part—an exhibit that lists "the time spent by all who worked on this case in chronological sequence" and an exhibit that "lists the attorneys and their time." (Doc. No. 26-1 at 2; Doc. No. 26-3; Doc No. 26-4). As Defendant highlights in its Response to Plaintiff's Motion, these exhibits show that "[t]he attorney who drafted the brief in this case . . . spent 46.7 hours over the course of six days drafting a brief," which included "spen[ding] 32.4 hours billed as reviewing the [Administrative Record], taking notes, organizing facts, and finishing the same."[8] (Doc. No. 28 at 3 (citing Doc. No. 26-3 at 3)). Specifically, Plaintiff's "[c]ounsel billed 9.3 hours on 9/29/22, 8.7 hours on 9/30/22, and 8.3 hours on 10/03/22, on 'review of [Administrative Record], take notes and organize facts,'" as well as "6.1 hours on 10/4/22 to '[f]inish review of [Administrative Record], drafting procedural section and facts.'" (Doc. No. 32 at 3 (quoting Doc. No. 26-3 at 3); *see also* Doc. No. 26-4 at 2).

According to Defendant, these time entries, which reflect Plaintiff's counsel "taking the equivalent of three full eight-hour workdays spent merely reviewing the [Administrative] [R]ecord," were not "reasonably expended." (Doc. No. 28 at 2-3). Although Defendant describes the Administrative Record as "admittedly lengthy" and notes that it "is about 2[,]800 pages, which is fairly long," Defendant argues that "the hours expended simply for reviewing the file are out of line with what would normally be expected" in analogous cases. (Doc. No. 28 at 3). In support of this argument, Defendant notes that "[b]ecause the EAJA permits an award of only 'reasonable' attorney hours, courts may 'prune' unnecessary hours accordingly," (Doc. No. 28 at 2 (quoting

[8] As Defendant notes in its Objections, "[t]he attorney who is listed on the bill" attached to Plaintiff's Motion "is not Plaintiff's counsel of record, but presumably another attorney with the firm" representing Plaintiff, Olinsky Law Group. (Doc. No. 32 at 3 n.2). Consistent with the parties' briefing and the R&R, the Court herein refers to the attorneys at Olinsky Law Group as "Plaintiff's counsel."

*Kaeck v. Kijakazi*, No. 3:22-CV-00180, 2022 WL 4350261, at *4 (M.D. Tenn. Sept. 19, 2022))), and further notes that "[i]t is Plaintiff's burden to prove the reasonableness of the time spent[.]" (Doc. No. 28 at 4 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983))).

Defendant is correct that (i) the Court may reduce fees for unreasonable time, including in instances where the time spent is excessive, redundant, or inadequately documented, *Hensley*, 461 U.S. at 433-34, and (ii) Plaintiff bears the burden of proving that the fees requested under the EAJA are, in fact, reasonable. *Id.* at 437. The Court, however, does not accept Defendant's assertion that Plaintiff has failed to meet its burden here.

As the undersigned has discussed previously, "[i]n determining whether the number of hours expended on a case is reasonable, 'the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed.'" *Reed v. Young Ho Kim*, No. 3:18-CV-00819, 2020 WL 4530936, at *3 (M.D. Tenn. Aug. 6, 2020) (Richardson, J.) (quoting *Wooldridge v. Marlene Industries Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990)), *aff'd sub nom. Reed v. Kim*, No. 20-6013, 2021 WL 4047030 (6th Cir. July 2, 2021). "The documentation offered in support of the hours charged must be of sufficient detail to enable a court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of such litigation." *Id.* (quoting *Bench Billboard Co. v. City of Toledo*, 759 F. Supp. 2d 905, 913 (N.D. Ohio 2010), *aff'd in part, rev'd in part*, 499 F. App'x 538 (6th Cir. 2012)). Here, the Court finds that Plaintiff has met this burden for three reasons.

First, "[t]he EAJA does not limit the amount of attorney's hours and only requires the attorney to submit all hours in an itemized statement." *Kaeck*, 2022 WL 4350261, at *4 (quoting *Brusch v. Colvin*, No. 15-13972, 2017 WL 1279228, at *2 (E.D. Mich. April 6, 2017)). The Court

finds—and Defendant does not appear to contest—that Plaintiff's submission of five pages of itemized, detailed time entries for attorney hours (*see* Doc. Nos. 26-3, 26-4) fulfills this requirement. *Cf. Kaeck*, 2022 WL 4350261, at *4 ("Regarding the Commissioner's contention that the fee billing entries are insufficiently specific to allow her to address their reasonableness, . . . [t]he court finds the records to be sufficiently itemized. It is clear that counsel reviewed the Administrative Record while drafting the Statement of the Case on July 9 and 10[.]").

Second, upon review of Plaintiff's billing statements and the case record, the Court finds that Plaintiff (that is, Plaintiff's counsel) has complied with the Supreme Court's instruction to "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434. For example, Plaintiff does not request a fee award for time spent working on filings such as status reports and motions for leave to file excess pages, (*see* Doc. No. 26-4 at 2-3 (listing "0" under the "[h]ours" column for time entries related to those filings)), which the Court is inclined to treat as a good-faith effort on the part of Plaintiff's counsel to ensure that "[h]ours that are not properly billed to one's *client* also are not . . . billed to one's *adversary* pursuant to statutory authority."[9] *Hensley*, 461 U.S. at 434 (internal quotation omitted).

Third, the Court finds that the "32.4 hours [billed] for reviewing the certified [A]dministrative [R]ecord, taking notes, organizing facts, and drafting the procedural section and facts between September 29, 2022 and October 4, 2022," (Doc. No. 32 at 3), i.e., the billing entries on which "Defendant's primary disagreement with the reasonableness of time billed is based,"

[9] To be clear, the Court does not mean to suggest that it is categorically improper for an attorney to bill a client for time spent drafting a status report or motion for leave to file excess pages. Rather, the Court uses these examples from Plaintiff's Motion to illustrate what the Court views as good-faith discretion in billing on the part of Plaintiff's counsel.

(Doc. No. 32 at 3; *see also* Doc. No. 28 at 3), represent hours that "a reasonable attorney would have believed . . . to be reasonably expended in pursuit of success at the point in time when the work was performed." *Reed*, 2020 WL 4530936, at *3 (internal quotation omitted). Indeed, even though "the fee request in this case exceeds the typical range of hours for work on a Social Security case as documented by the Defendant," (Doc. No. 31 at 4), there are various factors that collectively suggest that Plaintiff's counsel reasonably believed that the time spent reviewing the Administrative Record was reasonably necessary to pursue Plaintiff's case, including: the size of the Administrative Record (2,836 pages in total); Plaintiff's assertion that "counsel here did not have any familiarity with the case," (Doc. No. 30 at 2), prior to drafting the "required briefing in this matter,"[10] (Doc. No. 31 at 4); and the fact that within two days of Plaintiff's counsel finishing the review of the Administrative Record, Plaintiff filed an (unopposed) motion (Doc. No. 16) requesting "an additional five pages due to the length of the [A]dministrative [R]ecord and the nature of the issues presented." (Doc. No. 16 at 1).[11] *Cf. Imwalle v. Reliance Med. Prods., Inc.*,

---

[10] In Defendant's Objections, Defendant asserts that Plaintiff's requested attorney hours for reviewing the Administrative Record are unreasonable in part because "Plaintiff's counsel's firm was familiar with a significant portion of the record as the firm represented Plaintiff before the Appeals Council and in a prior federal court case." (Doc. No. 32 at 2, 4). Although Defendant does not raise this point explicitly in its Response to Plaintiff's Motion, Plaintiff addresses this topic in its Reply, explaining that "[w]hile Olinsky Law Group was involved in this case at the Appeals Council after the first [Administrative Law Judge's ('ALJ')] decision was issued, and did represent [Plaintiff] in federal court prior to the remand in this case, the firm was not involved in administrative level proceedings following the first remand." (Doc. No. 30 at 1). Plaintiff further explains that "[t]he record was never reviewed in the first federal court case, which was remanded without briefing" and argues that "unlike the attorney in *Kaeck*" (where the court reduced attorney hours because, among other reasons, "counsel should basically have been familiar with [the administrative record]," 2022 WL 4350261, at *5), "[Plaintiff's] counsel here did not have any familiarity with the case." (Doc. No. 30 at 1-2). Like the Magistrate Judge, the Court finds that this explanation supports the finding that Plaintiff's requested attorney hours are reasonable.

[11] Defendant argues that "[t]o the extent Plaintiff's counsel took notes on the entirety of the 2,800-page certified [Administrative Record], this time was not reasonably expended and would not be reasonably billed to a client, as it appears to have played little, if any, role in Plaintiff's brief" because Plaintiff's "opening brief included only a paragraph-long 'statement of facts' that declined to provide any summary of the medical evidence due to page limitations and the 'nature of the arguments.'" (Doc. No. 32 at 3-4

515 F.3d 531, 553 (6th Cir. 2008) ("[T]he party seeking fees has 'the burden of providing for the court's perusal a particularized billing record.' Once the prevailing party provides such a record, however, 'conclusory allegations that the award was excessive and that . . . counsel employed poor billing judgment . . . do not suffice to establish that there was error . . . .'" (quoting *Perotti v. Seiter,* 935 F.2d 761, 764 (6th Cir.1991))). The Court thus finds that Plaintiff has met its burden of proving that the fees requested are reasonable, and the Court therefore approves and adopts the R&R in full.[12]

---

(citing Doc. No. 19 at 3 n.1)). However, the Court notes that the "Statement of the Case" section of Plaintiff's brief is approximately ten (10) pages, (*see* Doc. No. 19 at 1-10), and that—contrary to Defendant's suggestion—the first footnote appended to Plaintiff's brief states that "Plaintiff has summarized only the medical opinion evidence here and will reference specific medical facts *infra* as necessary." (Doc. No. 19 at 3 n.1). In any event, "the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success *at the point in time when the work was performed*," *Reed*, 2020 WL 4530936, at *3 (emphasis added) (internal quotation omitted), which the Court finds is satisfied here for the reasons described above.

[12] As a final observation, the Court notes "Defendant's concern more broadly, in relation to the many other similar cases that come before the courts of this district," that the R&R's recommendation (and the Court's decision to adopt and approve the R&R) could "lead to a rapid escalation in fees paid by the taxpayers in similar Social Security cases" by adopting what Defendant describes as "Plaintiff's logic [that] any case of comparable length would also contain a de facto reasonable length of record review time to which [c]ounsel is entitled." (Doc. No. 32 at 6). However, the Court does not construe Plaintiff's filings or the R&R as advocating for such a "de facto" rule, (*see* Doc. No. 30 at 1-2 (describing the procedural history of the case in relation to Plaintiff's counsel's "involve[ment]" and "familiarity"); Doc. No. 31 at 4 (noting "the procedural history of the case and counsel's limited involvement in the case prior to [the] required briefing in this matter")), nor would the Court accept such a "de facto" rule in light of the case-specific inquiry that governs attorney's fees awards in the Sixth Circuit. *See Glass v. Sec'y of Health & Hum. Servs.*, 822 F.2d 19, 20 (6th Cir. 1987) ("The relevant question, however, is not what is required in *most* social security cases, but what did *this* case require."). Moreover, the Court also recognizes that the converse of Defendant's concern may well be true—i.e., that *Defendant's* arguments could be construed as seeking a hard cut-off at "about 30 hours," (Doc. No. 32 at 11), beyond which a court ought not to award attorney's fees, regardless of whether counsel demonstrates that the additional hours were "reasonably expended in the prosecution" of Plaintiff's case. *Reed*, 2020 WL 4530936, at *3. The Court would likewise reject such an argument (if that were in fact the argument that Defendant is making), because—as stated above—"[t]he relevant question [] is not what is required in *most* social security cases, but what did *this* case require." *Glass*, 822 F.2d at 20.

The Court certainly appreciates Defendant's concerns about (and efforts to preserve) taxpayer funds and does not begrudge Defendant its arguments made in this case. But ultimately the Court rejects those arguments.

CONCLUSION

For the reasons described herein, the R&R (Doc. No. 31) is adopted and approved in its entirety. Accordingly, the Motion (Doc. No. 26) is **GRANTED IN PART**, and Plaintiff is awarded attorney's fees in the amount of $12,389.44, payable to Plaintiff and subject to offset to satisfy any preexisting debt Plaintiff owes to the United States.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE